JAMES H. REDFORD, JR., Executor, *vs.* OLIVE REDFORD.

December 13, 1890.

Will—Construction—Clause Saving Rights of Wife.—A will devising and bequeathing, in terms, all the testator's real and personal property, contained this clause: "This disposition of my property is subject to, and not intended to interfere with, the right of dower or other legal right of my wife, Olive Redford, in and to my said property or any of the same." *Held*, that the clause qualifies the bequest so as to exclude from it that part of the personal property which, in the absence of a testamentary disposition, the statute gives to the widow.

Appeal from a judgment of the district court for Brown county, *Webber*, J., presiding, affirming the order of the probate court which is considered in the opinion.

*Geo. W. Somerville*, for appellant.

*J. M. Thompson* and *M. C. Robertson*, for respondent.

GILFILLAN, C. J. Gen. St. 1878, c. 51, § 1, provided that "when any person dies possessed of any personal estate, or of any right or interest therein, not lawfully disposed of by his last will and testament, the same shall be applied and distributed as follows: The widow, if any, shall be allowed (1) all her articles of apparel and ornament, and all the wearing apparel of her deceased husband; (2) his household furniture, to be selected by her, not exceeding in value $500; (3) other personal property, to be selected by her, not exceed-

ing in value three hundred dollars," etc. James H. Redford having died, leaving a widow, she applied to the probate court in the administration of the estate to be allowed, and it allowed her, household furniture and money of the estate, each selected by her, and within the prescribed limits. From the order of allowance the executor appealed to the district court, and that court affirmed the order, and he appealed to this court.

The allowance provided for in the part of the section quoted is not within the discretion of the probate court, but is a right given to the widow. The allowance is resisted on the claim that the property was lawfully disposed of by the last will and testament of the deceased. Whether it was or not depends on the construction of the will of the deceased. The will gives, devises, and bequeaths all the testator's property, both real and personal, to his son, James H. Redford, Jr., and has this clause: "This disposition of my property is subject to, and not intended to interfere with, the right of dower or other legal right of my wife, Olive Redford, in and to my said property or any of the same." The wife could have, prior to the death, no "right of dower" or "other legal right" in the testator's property for his will to operate upon, though this clause had been omitted. It could operate only to exclude such rights as, but for the will, the statute would give her. To such rights the clause must refer, and its evident purpose was to prevent the disposition of the property made by the will from cutting off or interfering with those rights. To hold otherwise would make the clause nugatory. It would have no effect to save the widow's right to the real estate, for that could not, without the widow's consent, be affected by any testamentary disposition by the testator. And if it is not to be applied to personal property, and so as to save such rights as, but for the will, the statute would give the widow in the personal property, then it is of no effect at all, and might as well have been left out. Of course effect must be given to it if possible. It must be assumed that the testator meant something by the clause. Construing the whole together, the disposing part with the qualifying clause, the will does not bequeath that part of the personal property which the statute gives to the widow in the absence of a testamentary disposition of it. That part is to be taken

as excepted from the bequest, and not disposed of by the will, but left to go to the widow as though no will had been made.

Order and judgment affirmed.